# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA PRIVETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-04219-CV-C-BP ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for Supplemental Security Income benefits, ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in October 1966, has earned her GED, and does not have work experience within the relevant time period. She filed her application in April 2019, alleging an onset date in that same month.

The Administrative Law Judge ("ALJ") found that Plaintiff suffers from diabetes, polyarthritis, hidradenitis suppurativa, and obesity. (R. at 12.) The ALJ further found that Plaintiff retains the residual functional capacity, ("RFC"), to perform light work with additional limitations that are not relevant to the issue raised on appeal. (R. at 14.) Based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform work as a cleaner/housekeeper or a folding machine operator. (R. at 17.)

---

[1] Kilolo Kijakaza became the Acting Commissioner of Social Security on July 9, 2021, and is automatically substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiff challenges the ALJ's RFC finding for failing to include a requirement that Plaintiff sit with her legs elevated. The Commissioner argues that the ALJ's decision was supported by substantial evidence in the Record as whole. The Court resolves this argument below.

## II.  DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

The ALJ acknowledged Plaintiff's testimony that she suffers from edema and as a result must sit with her legs elevated. (R. at 15.)  The ALJ also acknowledged that in May 2018 a doctor advised her to elevate her legs. (R. at 15.)  However, that was almost a year before the alleged onset date and no doctor since May 2018 had indicated that Plaintiff needed to elevate her legs. (R. at 15.)  The ALJ concluded that "the objective evidence of record is not entirely consistent with the claimant's allegations that she needed to regularly elevate her legs since the application date." (R. at 18.)

2

The Record supports the ALJ's conclusion. Most of Plaintiff's testimony was devoted to a discussion about her hands, back and knees, and other medical conditions, (R. at 33-56), but there were few mentions of Plaintiff's need to sit with her legs elevated. She testified that "sometimes" she would "sit in a recliner to put [her] feet up because they swell up," (R. at 41), and when asked how often she did this she testified "about an average of two times a week." (R. at 43.) She also testified that when she elevated her legs, she elevated them "waist high." (R. at 58.) This is the extent of Plaintiff's testimony about edema and the corresponding need to raise her legs.

The medical evidence also supports the ALJ's determination. In May 2018 Plaintiff's doctor reported that Plaintiff had "lower extremity edema," (R. at 249), and he prescribed Plaintiff Lasix and told her to wear support socks and "[e]levate legs when possible." (R. at 251.) Plaintiff next reported that her leg and feet were swollen in January 2019, and her edema was rated at 2+. (R. at 278, 281.) She was prescribed Furosemide and the doctor recommended that Plaintiff exercise; there was no suggestion that she needed to sit with her legs elevated. (R. at 282-83.)[2] In June 2019, the doctor noted that "[t]here is no pedal or ankle edema present." (R. at 346.) In November 2019, the doctor noted that Plaintiff exhibited very mild edema. (R. at 360.) There are no other mentions of edema and, other than the May 2018 instruction (which was issued at the same time Plaintiff began receiving medication), there is no medical evidence suggesting Plaintiff needs to regularly elevate her legs.

Plaintiff suggests that her testimony was consistent with limits on her abilities. (Doc. 10, p. 9.) However, the testimony Plaintiff cites involved limitations imposed by her other medical

---

[2] According to the Mayo Clinic, some of the possible treatments for edema include medication, movement/exercise, elevation, massage, reduction of salt intake, and compression. https://www.mayoclinic.org/diseases-conditions/edema/diagnosis-treatment/drc-20366532 (last visited Aug. 26, 2021).

conditions – not edema.  (R. at 34, 39, 62-63, 59, 207, 211.)  Moreover, the Court earlier cited the few references Plaintiff made to her edema, and as discussed, Plaintiff testified that she "sometimes" sits with her legs elevated, perhaps twice a week.

Plaintiff also relies heavily on the doctor's instruction from May 2018 and points out that "no providers indicated that she no longer needed to elevate her legs . . . The lack of ongoing recommendations for leg elevation is not inconsistent with [Plaintiff's] allegations as there was a recommendation and subsequent records continued to show edema."  (Doc. 10, p. 8.)  The Court disagrees.  The lack of ongoing recommendations could suggest that the recommendation was withdrawn, particularly given the other treatments that were prescribed (such as medication and exercise) and the intermittent nature of Plaintiff's edema.  The ALJ was entitled to find that there was no medical requirement that Plaintiff sit with her legs elevated throughout the workday as Plaintiff suggests was necessary.

### III.  CONCLUSION

For the reasons stated above, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: August 30, 2021          UNITED STATES DISTRICT COURT